W. J. WOODRUFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13784. Promulgated April 10, 1928.

*W. J. Woodruff* pro se.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

MORRIS: The sole question presented for consideration is whether the petitioner's distributive shares of partnership profits have been properly taxed to him for the years here under consideration.

The petitioner is an individual and a member of the partnership of Bailey & Woodruff, conducting a wholesale and retail grocery business in Spartanburg, S. C.

The amounts of the distributive shares of partnership profits are not in controversy, nor is the fact that the partnership's fiscal year ends with January 31 disputed.

The petitioner appeared at the hearing of this proceeding in his own behalf, and while he testified that his individual returns for the years under consideration were prepared and filed on the same fiscal year basis as used by the partnership, the respondent offered his individual returns in evidence which seem to rebut his testimony. The printed forms which we have before us indicate that they cover calendar year periods. The instructions printed on the face of the return say " If the return is made for a period other than a calendar year, the dates of the beginning and ending of the period covered must be plainly stated in the space provided above." The spaces provided in the return for indicating a period other than a calendar year were left unfilled in the petitioner's returns. Furthermore, the returns appear to have been filed with the collector of internal revenue at or before the time required for filing returns on the calendar year basis. We are, therefore, convinced that the petitioner's returns were not filed on the fiscal year basis for the years under consideration.

Notwithstanding the partnership prepared and filed its returns on a fiscal year basis ended on January 31 of each of the taxable years here in controversy, and the petitioner prepared and filed his returns, as we have found, on a calendar year basis, he included his distributive shares of partnership profits as shown by its returns for the fiscal year ended one month after the close of petitioner's calendar year. In other words, his distributive share of the partnership profits for the fiscal year ended January 31, 1921, was included in his individual return for the calendar year ended December 31, 1920, and he did likewise for the succeeding years. Section 218 (a) of the Revenue Acts of 1918 and 1921 provides:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

\*     \*     \*     \*     \*     \*     \*

Since the petitioner's net income was computed for a period different from the period used by the partnership, his distributive share of the partnership profits for the fiscal year ended January 31, 1920, should have been included in his individual return for the calendar year ended December 31, 1920, and so on for the succeeding years. Respondent, having found that section 218 (a) above had been violated by the petitioner, readjusted his tax liability and found deficiencies for the years in controversy and refunded certain

amounts in other years as result of said adjustment. We are of the opinion that the respondent's action in determining the deficiencies here in controversy was correct.

*Judgment will be entered for the respondent.*